# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR97-2012 |
| vs. | **REPORT AND RECOMMENDATION** |
| FLOYD NEAL, | |
| Defendant. | |

_____

This matter comes before the court pursuant to movant Floyd Neal's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). This matter was referred to the undersigned United States Magistrate Judge for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned recommends that the movant's motion be denied and this matter be dismissed.

## I. PROCEDURAL BACKGROUND

Defendant Floyd Neal was charged in a three count indictment filed on April 24, 1997. Defendant was charged with three counts of distributing cocaine base after having previously being convicted of drug trafficking felonies, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. (docket number 1). On October 6, 1997, defendant was charged in a six-count superseding indictment. Count 1 charged defendant with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts 2 and 3 charged Elaine Murray, a co-defendant, with two counts of distributing cocaine base. The three original counts from the April 24, 1997, indictment were renumbered counts 4 through 6 in the superseding indictment. (docket number 51). On October 14, 1997, the United States filed a notice of its intention to seek enhanced

penalties against defendant pursuant to 21 U.S.C. § 851 due to defendant's prior convictions for drug felonies. (docket number 59).

On December 10, 1998, the court[1] accepted defendant's guilty plea pursuant to a plea agreement with the United States on Count 1 of the superseding indictment. (docket number 159). On January 20, 1999, defendant filed a motion to withdraw his guilty plea and amended this motion on January 22, 1999. (docket number 167, 170). Defendant argued that he should be allowed to withdraw his guilty plea alleging (1) he was not provided with a copy of his co-defendant's debriefing, in violation of the Jencks Act; (2) the plea agreement was invalid because the government did not sign it; and (3) lab results determined that the substance seized from defendant and tested was cocaine and he had plead to distributing cocaine base. (docket number 167, 170). On February 10, 1999, the court denied defendant's motion to withdraw his guilty plea. (docket number 174).

Defendant was sentenced on February 12, 1999. (docket number 177). The court found defendant to be a career criminal offender and, therefore, found defendant's base offense level to be 34 pursuant to U.S.S.G. §§ 2D1.1 and 4B1.1. (S.Tr. at 14-15). Three levels were subtracted from the base offense level for defendant's acceptance of responsibility, resulting in an adjusted offense level of 31. (S.Tr. at 15). Defendant's criminal history category was determined to be category VI because he was a career criminal offender. (S.Tr. at 15). Therefore, defendant's final adjusted offense level was 31 and his criminal history category was VI, resulting in a sentencing range of 188 to 235 months. (S.Tr. at 15; PSIR ¶ 132). The court denied defendant's downward departure motion and sentenced defendant to 188 months imprisonment. (S.Tr. at 22-26, 29).

Mr. Neal appealed his criminal conviction and sentence on February 17, 1999. (docket number 180). On October 28, 1999, the Eighth Circuit Court of Appeals

---

[1] The Hon. Michael J. Melloy, formerly United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit Court of Appeals.

affirmed the defendant's conviction and sentence. <u>United States v. Neal</u>, 198 F.3d 251 (8th Cir. 1999) (unpublished). Defendant did not petition for a writ of certiorari from the United States Supreme Court. Defendant has not filed a 28 U.S.C. § 2255 motion.

Mr. Neal filed the instant motion, pursuant to 18 U.S.C. § 3582(c)(2), on August 14, 2004. Mr. Neal raises several arguments challenging his conviction and sentence: first, defendant argues that his guilty plea was not knowing because he did not know he would be sentenced as a career criminal offender; second, defendant argues that the court committed error when it sentenced him with an enhancement not charged in the indictment or stipulated to in the plea agreement; third, defendant argues his sentence should be modified because the sentencing range upon which his term of imprisonment was based was subsequently lowered by the Sentencing Commission.

## II. DEFENDANT'S ARGUMENTS

### A. Validity of Defendant's Guilty Plea and Violation of the Sixth Amendment

Mr. Neal argues (1) that his guilty plea was unknowing and, therefore, invalid and (2) that his sentence was in violation of the Sixth Amendment because the career criminal offender enhancement was not charged in the indictment and proven to a jury beyond a reasonable doubt. These claims are not properly brought in defendant's present motion pursuant to 18 U.S.C. § 3582(c)(2), which provides for the modification of a criminal sentence only if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant's arguments, however, seek to set aside his conviction and sentence based upon constitutional grounds, the validity of his guilty plea and a Sixth Amendment violation. Constitutional claims are properly brought under 18 U.S.C. § 2255. The court declines to construe or recharacterize the plaintiff's motion as a motion under 28 U.S.C. § 2255. <u>See Castro v. United States</u>, 540 U.S. 375, ___, 124 S. Ct. 786, 792 (2003) (concluding that while a court may recharacterize a pro se litigant's pleading as a first 28 U.S.C. § 2255 motion, before doing so the court "must notify the pro se litigant that it intends to

recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [28 U.S.C.] § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [28 U.S.C.] § 2255 claims he believes he has"). If dissatisfied with his conviction and/or sentence on constitutional grounds, the plaintiff must file a motion under 28 U.S.C. § 2255.[2]

### B. 18 U.S.C. § 3582(c)(2) Argument

A district court is generally unable to modify a term of imprisonment once it is imposed. See 18 U.S.C. § 3582(c). Nonetheless, several exceptions exist. The defendant relies on 18 U.S.C. § 3582(c)(2) to argue that the court should modify his sentence. Subsection two of 18 U.S.C. § 3582(c) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

See also United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993) ("[18 U.S.C. §] 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if

---

[2]The court notes that defendant's time for filing a 28 U.S.C. § 2255 motion has expired and a motion filed under § 2255 would be dismissed as time barred. Defendant's conviction was affirmed by the Eighth Circuit Court of Appeals on October 28, 1999. Defendant's conviction became final when his time for filing a petition for certiorari expired, normally 69 days after affirmance by the circuit court. Clay v. United States, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079 (2003). Defendant's time for filing a petition for certiorari expired on January 5, 2000. Therefore, due to the one year limitation on filing a motion under § 2255, defendant's opportunity for filing a timely motion under 28 U.S.C. § 2255 ended on January 5, 2001. See 28 U.S.C. § 2255. Any motion made after this date will be dismissed as time barred.

4

the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

U.S.S.G. § 1B1.10(a) sets forth the conditions that must exist before a defendant is entitled to be resentenced as a result of an amended guideline range. It states:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

On November 1, 2000, the Sentencing Commission amended the Guidelines Manual. See U.S.S.G. Appendix C, Amendment 591. The Sentencing Commission included Amendment 591 within U.S.S.G. § 1B1.10(c). See U.S.S.G. Appendix C, Amendment 607 (amending U.S.S.G. § 1B1.10(c) to include Amendment 591). See also U.S.S.G. § 1B1.10, Commentary, Application Note 1 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

When it passed Amendment 591, the Sentencing Commission amended: (1) U.S.S.G. § 1B1.1(a); (2) U.S.S.G. § 1B1.2(a); (3) the Commentary to U.S.S.G. § 1B1.2; (4) the Commentary to U.S.S.G. § 2D1.2; (5) Appendix A; and (6) the Commentary to U.S.S.G. § 2H1.1. See U.S.S.G. Appendix C, Amendment 591. When doing so, the Sentencing Commission sought to clarify when an enhancement under U.S.S.G. § 2D1.2 is available. See id. (stating "[Amendment 591] addresses a circuit conflict regarding whether the enhanced penalties in [U.S.S.G.] § 2D1.2 . . . apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales

in a protected location or involving a protected individual"); U.S.S.G. § 2D1.2, Commentary, Application Note1 (limiting application of enhanced penalty guideline).[3]

The defendant's reliance on Amendment 591 is unavailing. Pursuant to Amendment 591, U.S.S.G. § 1B1.1, in relevant part, now directs the court to:

> (a)     Determine, pursuant to [U.S.S.G.] § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See [U.S.S.G.] § 1B1.2.

U.S.S.G. § 1B1.2, in relevant part, now directs the court to:

> (a)     Determine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted).

> (b)     After determining the appropriate offense guideline section pursuant to subsection (a) of this section, determine the applicable guideline range in accordance with [U.S.S.G.] § 1B1.3 (Relevant Conduct).

Here, defendant is guilty of one violation of 21 U.S.C. § 841(a)(1), as charged in Count 1 of the superseding indictment. According to Appendix A, a violation of 21 U.S.C. § 841(a)(1)is governed by U.S.S.G. § 2D1.1, not U.S.S.G. § 2D1.2. After determining that defendant's conviction fell under U.S.S.G. § 2D1.1, the court applied U.S.S.G. § 1B1.3, the relevant conduct provision. The court utilized U.S.S.G. § 4B1.1 to determine that defendant was a career criminal offender. Because the court never applied U.S.S.G.

---

[3] Application note 1 of the Commentary to U.S.S.G. § 2D1.2, in relevant part, now states:

> This guideline applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual (including an attempt or conspiracy to commit such a violation) or in a case in which the defendant stipulated to such a statutory violation. See [U.S.S.G.] § 1B1.2(a).

§ 2D1.2 when determining the defendant's sentencing range, Amendment 591 did not subsequently lower the sentencing range applicable to defendant. Accordingly, the defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) should be denied.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[4] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that Floyd Neal's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) be denied.

January 24, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[4]Any party who objects to this report and recommendation must serve and file specific, written objections with ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.

7