# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 97-2012-LRR |
| Plaintiff, | |
| vs. | |
| FLOYD NEAL, | **ORDER** |
| Defendant. | |

The matter before the court is Defendant Floyd Neal's Opposition to Magistrate Judge's Report and Recommendation (docket no. 204) filed in response to Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 200) in which he recommends denying Defendant's Motion to Modify Sentence, and to Correct Plain Error, Pursuant to Titles [sic] 18 U.S.C. § 3582(c) and Rule 52(b) of Fed. R.C. Proc. [sic] ("Motion to Modify Sentence") (docket no. 195).

## *I. PROCEDURAL BACKGROUND*

On April 23, 1997, the grand jury charged Defendant in a three-count Indictment. Counts 1 through 3 charged Defendant with distributing mixtures or substances containing cocaine base, also known as "crack cocaine," after previously having been convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851. On October 6, 1997, the grand jury returned a six-count Superseding Indictment against Defendant and co-defendant Elaine Murray.[1] Count 1 charged between about January 1996 and January 1997, Defendant and Murray did knowingly and unlawfully

---

[1] Counts 2 and 3 of the Superseding Indictment charge Murray and not Defendant.

conspire to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. Counts 4 through 6 recharged the three Counts contained in the April 23, 1997 Indictment. On October 14, 1997, the government filed its notice of intent to seek enhanced penalties against Defendant for his prior felony drug convictions pursuant to 21 U.S.C. § 851.

On December 10, 1998, the court[2] accepted Defendant's plea of guilty to Count 1 of the Superseding Indictment pursuant to a plea agreement with the government. On January 20, 1999, Defendant filed a motion to withdraw his guilty plea, and on January 22, 1999, he amended that motion. On February 10, 1999, the court denied Defendant's motion to withdraw his guilty plea. On February 12, 1999, the court entered Judgment, sentencing Defendant to a term of 188 months of imprisonment and six years of supervised release, and ordering him to pay a special assessment of $100.00.

Defendant timely filed a notice of appeal on February 12, 1999. On appeal, Defendant argued the district court committed two errors: (i) it improperly applied the career offender sentencing enhancement; and (ii) it wrongfully denied his downward-departure motion based on his age and physical condition. On October 7, 1999, the Eighth Circuit Court of Appeals affirmed Defendant's Judgment, deciding each challenged error against him. *United States v. Neal*, No. 99-1381, 1999 U.S. App. LEXIS 27899, at *2 (8th Cir. Oct. 28, 1999) (per curiam) (unpublished). Defendant did not file a petition for writ of certiorari with the United States Supreme Court.

On August 18, 2004, Defendant filed the Motion to Modify Sentence under consideration here. On September 17, 2004, the court referred the case to Chief

---

[2] The Honorable Michael J. Melloy presided over this criminal matter in the United States District Court for the Northern District of Iowa. Judge Melloy now sits on the United States Court of Appeals for the Eighth Circuit.

Magistrate Judge Jarvey for issuance of a report and recommendation. On September 22, 2004, the government filed its resistance to Defendant's Motion to Modify Sentence (docket no. 198). On January 24, 2005, Chief Magistrate Judge Jarvey filed his Report and Recommendation (the "Report and Recommendation"). On February 9, 2005, with leave of the court, Defendant filed his Opposition to Magistrate Judge's Report and Recommendation (the "Objection") (docket no. 204). The court therefore finds the matter is fully submitted and ready for decision.

## II. STANDARD FOR REVIEWING REPORT AND RECOMMENDATION

Congress has provided that this court may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B), (C).

The district court judge is required to make a de novo determination of those portions of the magistrate judge's report or recommendation to which the movant makes specific objections. 28 U.S.C. § 636(b)(1); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988).

## III. LEGAL ANALYSIS

Defendant's Objection raises two issues. First, Defendant admits he improperly brought the claims made in his Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2), and he should have brought such claims pursuant to 28 U.S.C. § 2255 ("§ 2255"). Second, Defendant asks the court to recharacterize his Motion to Modify Sentence as a motion pursuant to § 2255 because of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), and *United States v.*

3

*Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Defendant argues that as a result of the Court's holdings in *Blakely* and *Booker*, "he has an argument that makes him actually Innocent of the sentence this Court imposed on him in 1997." Objection at 1.

The court overrules Defendant's Objection. First, Defendant made no specific objections to the conclusions of law and findings of fact in the Report and Recommendation recommending his Motion to Modify Sentence be denied. In fact, Defendant admits his claims in the Motion to Modify Sentence were not properly brought pursuant 18 U.S.C. § 3582(c) and Rule 52(b) of the Federal Rules of Civil Procedure. The court therefore adopts Chief Magistrate Judge Jarvey's January 24, 2005 Report and Recommendation.

Second, Defendant asks this court to recharacterize his Motion to Modify Sentence as a motion pursuant to § 2255. All claims of a defendant that may be made pursuant to § 2255 must be timely brought. 28 U.S.C. § 2255 para. 6.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Defendant cannot rely upon subsection (1) to bring his § 2255 motion. The Eighth Circuit Court of Appeals affirmed the Judgment against Defendant on October 28, 1999. *Neal*, 1999 U.S. App. LEXIS 27899, at *1. Defendant did not appeal the October 28, 1999 Judgment of the Eighth Circuit Court of Appeals affirming the Judgment of the district court. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). A party seeking review on certiorari by the Supreme Court has ninety days after entry of the judgment to file a petition. Sup. Ct. R. 13(1). Thus, Defendant had through January 26, 2001, to file claims pursuant to § 2255. Both Defendant's August 18, 2004 Motion to Modify Sentence and his February 10, 2005 Objection fall well outside the one-year period of limitation of § 2255. The court finds subsection (1) of § 2255 paragraph 6 is unavailable to Defendant for arguing his claims.

Furthermore, Defendant is unable to rely upon subsections (2), (3), and (4) of § 2255 paragraph 6. Subsections (2) and (4) are wholly inapplicable and the court need not address them. Subsection (3) permits a defendant to file a § 2255 motion within one year following an announcement by the Supreme Court of a newly-recognized right, so long as such right is "made retroactively applicable to cases on collateral review." In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by a jury beyond a reasonable doubt or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756 (applying its decisions in *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the United States Sentencing Guidelines). In addition, the Supreme Court, with respect to the appropriate remedy, instructed courts to apply *Booker*

or its "holdings—both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act—to all cases on direct review." *Id.* at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). Given such instruction, the court finds the Supreme Court does not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. *See Teague,* 489 U.S. 288, 307 (1989) (prohibiting the application of new rules of criminal procedure on collateral review, except where the new rule places certain kinds of conduct beyond the power of the government to proscribe or requires the observance of procedures that are "implicit in the concept of ordered liberty").

The court notes the Eighth Circuit Court of Appeals has not yet addressed whether *Booker* applies retroactively on collateral review. Nonetheless, a review of applicable case law indicates the consensus of the United States Courts of Appeals is that *Booker* does not apply retroactively on collateral review. *See, e.g., Cirilo-Munoz v. United States,* No. 02-1846, 2005 U.S. App. LEXIS 6343 (1st Cir. Apr. 15, 2005); *Guzman v. United States*, 404 F.3d 139, No. 03-2446, 2005 U.S. App. LEXIS 5700 (2d Cir. Apr. 8, 2005); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *cf. In re Elwood*, No. 05-30269, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005) (denying permission to file a second or successive motion under § 2255); *In re Olopade*, No. 05-1617, 2005 U.S. App. LEXIS 5886, at *1 (3d Cir. Apr. 11, 2005) (same); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (same).

Therefore, Defendant cannot rely upon *Booker* to restart a one-year period within which to bring a § 2255 motion. The court further finds that even if Defendant's § 2255 motion had been timely brought pursuant to subsection (1) of § 2255 paragraph 6, the court

could grant no relief as *Booker* is not applicable on collateral review, for the reasons stated herein. Therefore, the court refuses to grant Defendant the requested relief.

### *IV. CONCLUSION*

**IT IS HEREBY ORDERED**:

(1) The court **OVERRULES** Defendant Floyd Neal's Opposition to Magistrate Judge's Report and Recommendation (docket no. 204).

(2) The court **ADOPTS** Magistrate Judge Jarvey's Report and Recommendation (docket no. 200).

(3) Defendant Floyd Neal's Motion to Modify Sentence, and to Correct Plain Error, Pursuant to Titles [sic] 18 U.S.C. § 3582(c) and Rule 52(b) of Fed. R.C. Proc. [sic] (docket no. 195) is **DENIED**.

**SO ORDERED.**

**DATED** this 1st day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system: 6/1/05 ksy